THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONNELL L. PRINCE,

    Plaintiff,

v.

KEVIN C. ORR, ESQ.

    Defendant,

Civil Action No.: 2:13-cv-6418-JLL-JAD

OPINION AND
RECOMMENDATION

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court by way of Plaintiff's Cross Motion to Amend his

Complaint (ECF no. 13), which Plaintiff filed in response to Defendant's Motion to Dismiss for

Lack of Subject Matter Jurisdiction (ECF no. 9). Pursuant to Federal Rule of Civil Procedure 78,

no oral argument was heard. Upon review of the arguments raised in the parties' briefs, and for

the following reasons, the Court denies Plaintiff's Cross Motion to Amend with prejudice.

Furthermore, this Court sua sponte recommends that the Amended Complaint (ECF no. 4) be

dismissed for the reasons set forth below.


I.    **BACKGROUND AND PROCEDURAL HISTORY**

    A.    **Factual Background**

This action arises out of events that occurred on May 23, 2005, which eventually led to

the filing of criminal charges against Plaintiff and a §1983 lawsuit by Plaintiff against the

individuals who brought the charges. This Court's (Linares, J.) opinion in Plaintiff's §1983

action sets forth the events as alleged in the §1983 action as follows. *See Prince v. Aiellos*, no.

9-5429 (JLL), 2010 WL 4025846 (D.N.J. Oct. 12, 2010). Plain clothes police officers from the

Hackensack Police Department, who claimed they were chasing a suspect in the area, attempted

1

to enter Plaintiff's apartment after noticing the front door was ajar. *Id.* at *2. The officers did not knock on the door or announce themselves, and Plaintiff grabbed his gun to protect himself and turned on the lights. *Id.* The following night, the officers returned to Plaintiff's apartment and asked Plaintiff to go down to the police station to discuss what had happened the night before. *Id.*

Approximately two days later, the Bergen County Prosecutor charged Plaintiff with several crimes in connection with the May 23, 2005 incident, and Sergeant Thomas Aiellos filed a criminal complaint. *Id.* In connection with these charges, on June 13, 2005, Plaintiff was detained, and remained in the Bergen County Jail for approximately 2.5 months. *Id.* On November 15, 2005, the prosecutor downgraded the charges from aggravated assault on a police officer and possession of a weapon for unlawful purposes to simple assault and disorderly conduct, and the criminal case was remanded to the Hackensack Municipal Court. *Id.* at *3.

The instant action is Plaintiff's lawsuit against his former attorney, Kevin C. Orr, Esq. Plaintiff alleges the following facts in the operative complaint for the instant action. In May of 2006, Plaintiff met with Attorney Orr to discuss whether he would be interested in representing him in his criminal case and the related §1983 civil case. *See* Amended Compl. ¶9 (ECF no. 1). On May 23, 2006, Plaintiff and Attorney Orr entered into an oral and written contract for Defendant to handle the criminal matter and prepare the civil rights case at the same time. *Id.* ¶11. Plaintiff alleges that prior to these meetings, he only saw Attorney Orr at court appearances. *Id.* ¶18. At a court appearance for the criminal matter in Hackensack municipal court, Plaintiff observed Attorney Orr "talking and laughing with...Sgt. Aiellos." *Id.* ¶15. When Plaintiff approached, Attorney Orr and Aiellos stepped into a side room where Plaintiff was not permitted to go. *Id.* ¶15. Attorney Orr later advised Plaintiff that they would meet to start

preparing both cases after he concluded a trial in another matter. *Id.* ¶12. At a subsequent court appearance, Attorney Orr advised Plaintiff that there was plenty of time for him to file his civil rights claim, and that he had two years from the time his municipal criminal case was dismissed to file a civil rights claim. *Id.* ¶17.

Attorney Orr finally met with Plaintiff on September 4 and September 10 of 2007. *Id.* ¶¶12 and 19. On September 13, 2007, during the court hearing in Plaintiff's criminal matter, the Court ruled to suppress Officer Aiellos' statements and observations. *Id.* ¶21. On October 25, 2007, the Court granted Plaintiff's motion to dismiss the criminal matter. *Id.*

On October 23, 2009, Plaintiff commenced his §1983 action *pro se* against Officer Aiellos and several other defendants. On October 12, 2010, the Court (Linares, J.) dismissed Plaintiff's false arrest and false imprisonment claims in that action because the statute of limitations expired for those claims. *Prince v. Aiellos*, no. 9-5429 (JLL), 2010 WL 4025846, a *6 (D.N.J. Oct. 12, 2010). On December 22, 2010, the Court (Linares, J.) dismissed Plaintiff's claim of conspiracy to maliciously prosecute and his equal protection claim against all but one defendant, leaving only his claim of malicious prosecution against Sergeant Aiellos and his equal protection claim against Defendant Behnke. *Prince v. Aiellos*, no. 9-5429 (JLL), 2010 WL 5392724, at *9 (D.N.J. Dec. 22, 2010).

On October 25, 2013, Plaintiff commenced the instant action against Attorney Orr, alleging breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. *See* Compl. (ECF no. 1). Plaintiff alleges that Attorney Orr breached the contract and the duty of good faith and fair dealing by: a) failing to prepare Plaintiff's civil rights suit and refusing to refund the additional $1,000.00 fee requested of him to handle the matter; b) failing to learn and act on the fact that Plaintiff had never been arraigned on the original criminal

charges; and c) inaccurately advising him as to when the applicable two year statute of limitations would run on claims that Defendant had agreed to file for Plaintiff, leaving Plaintiff with just one claim in his §1983 action: *i.e.*, malicious prosecution. *See* Amended Compl. ¶¶2 a - c (ECF no. 4). Plaintiff alleges that Attorney Orr breached his fiduciary duty to Plaintiff by failing to fulfill his contractual obligations, to act with reasonable competence and diligence, and to deal honestly with Plaintiff, to comply with his duty of loyalty to act solely in the best interest of the client and have no conflicting loyalties, and to comply with his duty to render full and fair disclosure of all material facts, such as that he had formerly been a prosecutor for the Morris County Prosecutor's Office. *See id.* ¶¶31a - d.

On April 18, 2014, Attorney Orr filed a Motion to Dismiss Plaintiff's action for lack of subject matter jurisdiction (ECF no. 9). Plaintiff filed a Cross-Motion to Amend his Complaint with his Opposition to Plaintiff's motion to dismiss (ECF nos. 13 and 14). Plaintiff seeks to amend his complaint to add a count for Conspiracy under 42 U.S.C. §1983 & §1985.

## B.    Plaintiff's Proposed Amended Complaint

Plaintiff's proposed amended complaint would add a count for civil conspiracy under 42 U.S.C. §1983 and §1985. Plaintiff seeks to add allegations that Attorney Orr conspired with the *Aiellos* defendants to violate his constitutional rights, including but not limited to his Fourth, Fifth, and Fourteenth Amendment rights dealing with unreasonable search and seizure, and deprivation of liberty without due process of law. Second Amended Compl. ¶46 (ECF no. 13). The proposed second amended complaint also alleges that Attorney Orr conspired with Aiellos and/or others "for the purpose of impeding hindering, obstructing or defeating the due course of justice in the state and depriving plaintiff of his rights and privileges." *Id.* ¶47.

4

Plaintiff further alleges, in the proposed Conspiracy count, that Defendant breached his fiduciary duties to Plaintiff, and through his action and inactions, aided in the furtherance of a conspiracy to deprive plaintiff of his rights, and failed to prevent or aid the preventing or lessening of the harm caused to Plaintiff, in that Defendant: a) failed to comply with his duty to disclose that he had formerly been a prosecutor for the Morris County Prosecutor's office, b) failed to fulfill his contractual obligations to meet with him and review the case, c) failed to act with competence, diligence, and to deal honestly, d) failed to comply with his duty of loyalty because he had conflicting loyalties to the police officers, e) helped defendants violate plaintiff's rights; f) failed to advance his client's lawful objectives, and g) did only what he wanted to do. *See id.* ¶¶48a - g.

## II.   DISCUSSION AND ANALYSIS

### A.   Motion To Amend

Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" if a responsive pleading has been served. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave to amend a complaint rests within the sound discretion of the trial court. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile. *Adams v. Gould, Inc.,* 739 F.2d 858, 864 (3d Cir.1984). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000) (citation omitted). In assessing "futility," the court applies the same standard of legal

5

sufficiency as applies under Rule 12(b)(6). *Id.* Under this standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotations omitted).

To state a claim for civil conspiracy under §1983, Plaintiff must allege facts "support[ing] the existence of the elements of a conspiracy: agreement and concerted action." *See Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009). Plaintiff must allege facts demonstrating a "meeting of the minds" between the alleged co-conspirators, that the alleged co-conspirators "reached an agreement for the purpose of depriving him of his constitutional rights under color of state law." *See Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (internal citations and quotations omitted). Conclusory allegations of an agreement in a conspiracy are insufficient for pleading standards. *See Pittman v.Martin*, no. 13-4342, 2014 WL 2727005, at *2 (3d Cir. June 17, 2014) (internal citations omitted) (affirming dismissal of §1983 conspiracy claim because Plaintiff failed to plead conspiracy with the necessary particularity). "[I]nstead, specific facts addressing the time the agreement was made the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy are required." *Id.* "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Prince v. Aiellos*, no. 09-5429(JLL), 2010 WL 5392724, at *5 (D.N.J. Dec. 22, 2010) (internal citations and quotations omitted).

Plaintiff fails to allege facts in his proposed amended complaint that demonstrate an agreement between co-conspirators for the purpose of depriving him of his constitutional rights. Plaintiff appears to allege two conspiracies. The first conspiracy is between Attorney Orr and the *Aiellos* defendants. *See* Amended Compl. ¶46 (ECF no. 13). The object of that conspiracy

appears to be to violate Plaintiff's constitutional rights, including but not limited to his Fourth, Fifth, and Fourteenth Amendment rights dealing with unreasonable search and seizure, and deprivation of liberty without due process of law. *Id.* Plaintiff fails to plead this conspiracy with the necessary particularity. First, Plaintiff fails to plead that any agreement took place between Attorney Orr and the *Aiellos* defendants; nothing in the complaint suggests any "meeting of the minds." Second, Plaintiff fails to plead that there was a concerted action taken to deprive Plaintiff of his constitutional rights. While Plaintiff alleges that Attorney Orr furthered the conspiracy by failing to fulfill his contractual and other duties as his attorney, these actions appeared to have taken place *after* Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were allegedly violated. Not only does Plaintiff fail to allege that an agreement took place between Attorney Orr and the *Aiellos* defendants, but Plaintiff also fails to allege when any agreement was made. Indeed, Attorney Orr was retained by Plaintiff in part to file a §1983 action in response to the Fourth, Fifth, and Fourteenth Amendment violations. It is unclear from the allegations in the amended complaint how Plaintiff seeks to allege that Attorney Orr engaged in a conspiracy without providing additional details as to the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy.

The second conspiracy is between Attorney Orr and Aiellos "and/or with other person or persons." *Id.* ¶47. The object of that conspiracy is to hinder, obstruct, or defeat the due course of justice in the state and to deprive plaintiff of his rights and privileges. *Id.* Again, Plaintiff fails to allege that an agreement took place between Attorney Orr and Aiellos and/or other persons. While Plaintiff alleges in the Complaint that he observed Attorney Orr talking and laughing with Sergeant Aiellos at a court hearing, he fails to allege any agreement. If the object of the conspiracy is to keep Plaintiff from succeeding in his §1983 lawsuit and the criminal

7

action against him, this is also unclear. It also appears to be logically impossible: the criminal complaint was dismissed. It is entirely unclear how Attorney Orr could have conspired to deprive Plaintiff of his constitutional rights while securing a dismissal of the complaint. Likewise, Attorney Orr's alleged failure to pursue a civil rights complaint, without more, does not constitute a conspiracy. The actions that Plaintiff alleges that Attorney Orr took in furtherance of the conspiracy amount to a possible breach of attorney duties and responsibilities depending on Attorney Orr's defenses, rather than concerted actions to prevent Plaintiff from succeeding in his cases.

Similarly, Plaintiff also fails to state a claim under §1985. To state a claim for civil conspiracy under §1985(2) or (3), plaintiff must allege facts demonstrating "(1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Andela v. Administrative Office of U.S. Courts, et al.*, No. 14-1952, 2014 WL 2724645, at *3 (3d Cir. June 17, 2014) (internal citations omitted). Plaintiff's allegations do not appear to state a claim under §1985(2) and (3), as Plaintiff does not allege any facts suggesting that Defendant acted out of racial or class-based discriminatory animus. Plaintiff instead alleges that the conspiracies were aimed at depriving him of his constitutional rights and hindering, obstructing, or defeating the due course of justice, rather than at depriving him of the equal protection of the laws, motivated by racial or class-based discriminatory animus. Lastly, his allegations also do not appear to state a claim against his attorney under §1985(1), which concerns the preventing of an officer from performing duties. Accordingly, no claim under §1985 has been stated.

8

### B.    Motion To Dismiss

It should be noted that, without a federal claim, such as a §1983 or §1985 claim, it appears that Plaintiff's remaining state law claims do not give this Court subject matter jurisdiction. Although not referred to this Court by the District Judge, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 9) should be **GRANTED**. The Amended Complaint (ECF No. 4), as articulated by Defendant, contains no federal claim and there is no diversity jurisdiction. *See* Br. In Supp. Def. Mot. to Dismiss, ECF No. 9-1, at 12. Plaintiff's allegations against Defendant Orr consist solely of state law causes of action, sounding in breach of contract and legal malpractice. As a result, this Court lacks original jurisdiction over the Amended Complaint pursuant to 28 U.S.C. §1331 and §1332. In addition, due to the lack of subject matter jurisdiction, this Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. Accordingly, it should be dismissed and this Court so recommends.

### III.    CONCLUSION

Providing Plaintiff another opportunity to amend the Complaint would be futile. The allegations are not merely conclusory- they fail to even hint at facts that would establish a conspiracy. Moreover, as stated above, at least one of the "possible" conspiracies is not a logical possibility. Plaintiff's proposed second amended complaint fails to present any facts on which the Court could reasonably construe that Attorney Orr had any involvement in the alleged conspiracies. The allegations against Attorney Orr amount to breach of attorney duties and responsibilities. Any conspiracy allegations against Attorney Orr are too tenuous to state a claim

9

plausible on its face.  For the foregoing reasons, Plaintiff's Cross-Motion to Amend (ECF No. 13) is **DENIED** with prejudice.  The Court also respectfully recommends that Plaintiff's Amended Complaint, (ECF No. 4), be dismissed.

**SO ORDERED.**

_____  9/5/14
Hon. Joseph A. Dickson, U.S.M.J.

cc:     Hon. Jose Linares, U.S.D.J.